UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| JEREMY EASTEP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>KRH, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND**

1.  Defendant KRH, Inc. ("Defendant") required Plaintiff Jeremy Eastep ("Plaintiff") to work more that forty hours in a work week as a flowback operator. Plaintiff is a former employee of Defendant who performed work related to oil and gas wells serviced by Defendant. Defendant misclassified Plaintiff as an independent contractor and as such paid him a flat daily rate for his substantial regular and overtime hours. Defendant also misclassifies other flowback operators and similar employees as independent contractors across the country and likewise denied them their proper overtime compensation.

2.  Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

1

3. Plaintiff worked for Defendant in North Dakota. Just as the non-payment of overtime violates federal law, so too does it violate North Dakota state law. Accordingly, Plaintiff also brings claims arising under Title 34 of the North Dakota Century Code for Defendant's failure to pay overtime. Plaintiff seeks to pursue these claims as a Rule 23 class action. Members of the Rule 23 class action are referred to as the "North Dakota Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this lawsuit is brought under the FLSA.

5. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. Specifically, Defendant employed Plaintiff in this District and Plaintiff performed the work that forms the basis of this lawsuit in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Jeremy Eastep is an individual residing in Rockwall County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The "FLSA Class Members" are all current and former workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint that Defendant classified as independent contractors. These workers generally have job titles such as flowback operators, extended flowback, or flowtesters.

8. The "North Dakota Class Members," a sub-class of the FLSA Class Members, are all current and former workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout North Dakota during the two-year period before the filing

of this Complaint that Defendant classified as independent contractors. These workers generally have job titles such as flowback operators, extended flowback, or flowtesters.

9. Defendant KRH, Inc. is a foreign corporation organized under the laws of Montana doing business throughout the United States. Defendant may be served with process through its registered agent Kyle Richard Hansen, 3390 Whitefish Stage, Kalispell, Montana 59901.

10. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the state of North Dakota and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Defendant had and continues to have continuous and systematic contacts with the state of North Dakota sufficient to establish general jurisdiction over it. Specifically, Defendant conducts and/or conducted business in Texas.

12. Defendant employs workers and contracts with residents and businesses in North Dakota.

13. This cause of action arose from or relates to the contacts of Defendant with North Dakota residents, thereby conferring specific jurisdiction over Defendant.

## COVERAGE

14. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiffs and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

19. Defendant provides oil and gas well monitoring services to energy companies nationwide.

20. Defendant employs its workforce to monitor and maintain oil and gas wells in multiple states including North Dakota and Montana.

21. Plaintiff and the FLSA Class Members were/are employed by Defendant as flowback operators. As such, their primary duties consist of monitoring oil and gas wells located throughout the United States. A flowback operator's work is labor intensive and commonly involves days at a time at a well site.

22. Plaintiff and the FLSA Class Members worked on a regular basis for Defendant at various oil and gas well locations, monitoring such oil and gas wells.

23. Plaintiff Jeremy Eastep worked for Defendant on an exclusively and essentially non-stop basis from approximately October of 2017 to January of 2018.

24. Plaintiff Eastep worked for Defendant at multiple well sites throughout North Dakota.

25. While working for Defendant at these various locations, Plaintiff interacted with and became familiar with the way Defendant treats its other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operations at multiple geographical locations.

26. Defendant paid Plaintiff and FLSA Class Members on a flat daily basis without overtime regardless of the number of hours worked per week, despite scheduling and requiring work well in excess of forty hours per week. Commonly, Plaintiff and other flowback operators worked twelve-hour shifts, seven days a week for a total of 84 hours.

27. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the FLSA Class Members.

28. In addition, Defendant instructed Plaintiffs and the FLSA Class Members about when, where, and how they were to perform their work.

29. Plaintiff was a manual laborer.

30. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the FLSA Class Members:

   a. Defendant required Plaintiff and the FLSA Class Members to turn in the hours they worked once a week just like normal hourly-paid employees;

   b. Defendant paid Plaintiff and the FLSA Class Members on a non-negotiable rate it unilaterally set;

   c. Defendant required Plaintiff and the FLSA Class Members to report to their assigned well at a set time;

d. Plaintiff and the FLSA Class Members had no control over what well they may be assigned to;

e. Defendant required Plaintiff and the FLSA Class Members to request time off in advance and have that time off preapproved;

f. Defendant issued work orders to Plaintiff and the FLSA Class Members;

g. Defendant provided safety training to Plaintiff and the FLSA Class Members instructing them precisely how to perform their work;

h. Defendant assigned Plaintiff and the FLSA Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

i. Defendant controlled the amount of hours Plaintiff and the FLSA Class Members worked;

j. Defendant dictated the locations at which Plaintiff and the FLSA Class Members worked;

k. Defendant required Plaintiff and the FLSA Class Members to work more than forty (40) hours per workweek, and typically FLSA Class Members worked more than seventy (70) hours per workweek;

l. Plaintiff and the FLSA Class Members' services were integrated into Defendant's operations;

m. Plaintiff and the FLSA Class Members were required to perform their work in an order set by Defendant;

n. Plaintiff and the FLSA Class Members worked for Defendant for long and indefinite periods of time, often years, as is common with employees;

  o. Defendant had rules that Plaintiff and the FLSA Class Members were required to follow when performing their jobs;

  p. Defendant required Plaintiff and the FLSA Class Members to attend company meetings; and

  q. Defendant maintained the right to discharge Plaintiff and the FLSA Class Members at will.

31. Furthermore, the degree of investment Plaintiff and the FLSA Class Members made, if any, to perform their work pales in comparison to the expenses Defendant incurred. Defendant provided equipment worth hundreds of thousands of dollars including sand traps, water pumps, earth moving equipment, flowback tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

32. Defendant markets itself as a turnkey solution for the flowback aspect of well production. It sells or leases all the necessary industrial equipment to accomplish production at the well site. Part of the complete package it offers its customers is the services of Plaintiff and his fellow flowback operators. As such, the work of the flowback operators is integral to Defendant's business.

33. A substantial portion of Defendant' annual revenue is derived from work performed by Plaintiff and the FLSA Class Members.

34. Despite these facts, Defendant improperly classified Plaintiff and the FLSA Class Members as independent contractors and not employees.

35. Defendant classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and

other forms of insurance and to pass on Defendant's operational costs to their work force.

36. However, at all times, the flowback workers and other similarly situated workers were employees of Defendant.

37. Although Plaintiffs have been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiffs were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

38. Instead, Plaintiffs were paid a flat rate for all hours worked, regardless of how many hours they actually worked.

39. Furthermore, the FLSA rate that Defendant paid cannot be classified as a salary because Defendant would deduct from that flat weekly rate for any days a worker missed during the week.

40. No FLSA exemption applies to employees such as Plaintiffs and FLSA Class Members.

41. Plaintiff did not hire or fire other employees.

42. Plaintiff did not supervise two or more employees.

43. Defendant did not pay the Plaintiff a salary.

44. Defendant paid Plaintiff a day rate.

45. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

46. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful.

47. The same conduct outlined above also violates North Dakota state law codified in the North Dakota Administrative Code § 46-02-07. Like its federal counterpart, North Dakota

state law mandates overtime compensation must be paid at one and one-half times the employee's regular rate. The North Dakota Supreme Court recognizes a private action for the recovery of unpaid wages under Title 34 of the Century Code. *Werlinger v. Champion Healthcare Corp.*, 598 N.W.2d 820 (ND 1999). By paying its employees an day rate without overtime, Defendant violates North Dakota state law.

## COUNT ONE:
## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

48. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

49. Defendant's practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

52. Defendant classifies all flowback operators the same.

53. All flowback operators have similar job duties.

54. All flowback operators have to work shifts.

55. In the three years prior to the filing of this lawsuit, Defendant has employed more than 40 other workers with the same job title as Plaintiff who worked over 40 hours per week in

at least one week and were not at a rate of one and one half times their regular rate of pay for hours worked over 40.

56. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout multiple locations for Defendant.

57. Other workers similarly situated to the Plaintiff work for Defendant throughout the United States but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

58. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

59. Defendant has classified and continues to classify FLSA Class Members as independent contractors.

60. In the three years prior to the filing of this lawsuit, Defendant classified over 40 flowback operators as independent contractors.

61. In the three years prior to the filing of this lawsuit, Defendant classifies over 60 other workers with the same job title as Plaintiff as independent contractors.

62. All workers with the same job title as Plaintiff have similar job duties.

63. FLSA Class Members perform or have performed the same or similar work as Plaintiffs and were misclassified as independent contractors by Defendant.

64. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

65. As such, FLSA Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

66. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

67. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

68. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

69. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

70. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

71. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former workers classified as independent contractors (or other than employees) who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

### COUNT TWO: VIOLATION OF NORTH DAKOTA STATE LAW

72. Plaintiff and North Dakota Class Members incorporate all allegations contained in the foregoing paragraphs.

73. Defendants' practice of failing to pay overtime at one and one-half times Plaintiff's and the North Dakota Class Members' regular rates violates the Title 34 of the North Dakota Century Code and its implementing regulations.

### RULE 23 CLASS ACTION ALLEGATIONS

74. Plaintiff brings this action on his own behalf and as a representative party, pursuant to Fed. R. Civ. P. 23(b). Plaintiff seeks class certification of the North Dakota state law claims with a class definition as follows:

> All current and former workers classified as independent contractors (or other than employees) who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the state of North Dakota during the two year period prior to the filing date of this complaint to the present.

75. Defendant's policy of failing to pay the amount of overtime dictated by North Dakota state law affects members of the North Dakota Class in a substantially similar manner. Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories. Plaintiff and the North Dakota Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

76. Although Plaintiff does not know the precise number of the members of the proposed class, there are more than 40 members. Further, the identity of the members of the class is readily discernible from Defendant's records.

77. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class. Those common questions include, but are not limited to, the following:

    a. Whether Defendant misclassified Plaintiff and the other flowback workers as independent contractors;

    b. Whether Plaintiff and the other flowback workers are exempt from overtime under North Dakota state law;

    c. Whether Defendant failed to pay Plaintiff and the other flowback workers overtime;

    d. Whether Defendant's actions were willful; and

    e. The proper measure and calculation of damages.

78. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed class. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

79. The Class Action is a superior form to resolve the North Dakota state law claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay its employees according to the provisions of North Dakota state law because Defendant uniformly paid those employees a day rate without regard for overtime and misclassified these employees as independent contractors.

80. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies.

## **JURY DEMAND**

81. Plaintiff and Class Members hereby demand trial by jury on all issues.

## **PRAYER**

82. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all flowback workers and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order designating the North Dakota Class as a Rule 23 class action;

   c. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees and costs; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
SOSA-MORRIS NEUMAN, PLLC
jneuman@smnlawfirm.com
Texas State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS