IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jeremy Eastep, individually and on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>KRH, Inc.,<br><br>    Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM**<br><br>Case No. 1:19-cv-004 |

Before the Court is Plaintiff Jeremy Eastep's Rule 12(b)(6) motion to dismiss the Defendant's amended counterclaim filed on March 26, 2019. See Doc. No. 19. The Defendant, KRH, Inc. ("KRH"), filed a response in opposition to the motion on May 8, 2019. See Doc. No. 29. The Plaintiff filed a reply on May 15, 2019. See Doc. No. 30. For the reasons below, the motion is granted.

### I. BACKGROUND

KRH is a corporation organized under the laws of Montana with its principle place of business in Kalispell, Montana. KRH provides oil and gas well monitoring services to energy companies in North Dakota and elsewhere in the United States. KRH employed Eastep and others as flowback operators. Eastep's job duties included monitoring and maintaining oil and gas wells. On January 2, 2019, Eastep filed a complaint contending he and other similarly situated flowback operators employed by KRH were misclassified as independent contractors rather than employees and were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). See Doc. No. 1. On January 28, 2019, KRH filed its answer and counterclaim. See Doc. No. 7. KRH filed an amended counterclaim on April 19, 2019, after

1

obtaining leave of Court on April 15, 2019. See Doc. Nos. 21 and 24. In its amended counterclaim, KRH contends Eastep lacks standing and KRH should be awarded attorney's fees under N.D.C.C. § 28-26-01(2) which requires the Court to award attorney's fees "upon a finding that a claim for relief was frivolous." On July 9, 2019, the Court granted Eastep's motion for conditional certification. See Doc. No. 40. Eastep has moved to dismiss the amended counterclaim for failure to state a claim upon which relief can be granted. See Doc. No. 19.

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint does not need detailed factual allegations, but it must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Ashcroft, 556 U.S. at 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief. Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

### III. LEGAL DISCUSSION

Eastep contends federal courts exercising diversity jurisdiction do not have authority to award attorney's fees and costs pursuant to N.D.C.C. § 28-26-01(2) because KRH's state law based counterclaim primarily regulates procedure, which under the *Erie* doctrine, is governed by federal law. See Burlington N. R. Co. v. Woods, 480 U.S. 1, 8 (1987) (finding Alabama statute which imposed mandatory penalties on unsuccessful appeals was supplanted by Fed. R. App. P. 38 which allowed costs and fees to be awarded if an appeal was found to be frivolous); Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). KRH contends Section 28-26-01(2) is state substantive law that is not co-extensive with Rule 11 of the Federal Rules of Civil Procedure. Having carefully reviewed the parties' briefs and the relevant case law, the Court finds Eastep's argument to be persuasive.

North Dakota's statute provides in relevant part as follows:

2. In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

N.D.C.C. § 28-26-01(2). This statute requires the court to award attorney's fees and costs to the prevailing party upon a finding that a claim was frivolous. Good faith is not a defense if there is a complete absence of law or facts that a reasonable person could have not expected to prevail on the claim. The frivolousness determination is made on an objective basis from the perspective of the pleader at the time the claim was asserted. Tank v. Burlington Res. Oil & Gas Co. LP, No. 4:10-cv-088, 2013 WL 6150783, at 16 (D.N.D. Nov. 22, 2013).

> Rule 11 provides as follows:
>
> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) <u>the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law</u>;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, <u>the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation</u>. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

> (A) against a represented party for violating Rule 11(b)(2); or
>
> (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

> (6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.
>
> (d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed. R. Civ. P. 11 (emphasis added).

The Supreme Court has set forth a two-part test for resolving conflicts between state law and the Federal Rules. Woods, 480 U.S. at 4 (citing Hanna v. Plumer, 380 U.S. 460, 471-72 (1965). The first step requires the Court to determine whether the Federal Rule is "sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law." Id. at 4-5 (internal quotations omitted). The second step requires the court to determine if the Federal Rule "represents a valid exercise of Congress' rulemaking authority, which originates in the Constitution and has been bestowed on this Court by the Rules Enabling Act." Id. at 5.

In this case, the Court has no difficulty finding Rule 11 must take precedence over N.D.C.C. § 28-26-01(2) such as to preclude its operation in federal diversity cases. Both Rule 11 and Section 28-26-01(2) have the same purpose, imposing sanctions on frivolous claims. The North Dakota Supreme Court has held that N.D.C.C. § 28-26-01(2) and North Dakota's Rule 11 (which is virtually the same as Fed. R. Civ. P. 11) cover the same subject matter. See Napoleon Livestock Auction v. Rohrich, 406 N.W. 2d 346, 361 (N.D. 1987). Clearly, the first prong of the *Hanna* test has been satisfied. The second prong of the *Hanna* test has been satisfied as well as the Federal Rules "are presumptively valid under both the constitutional and statutory constraints." Woods, 480 U.S. at 6. This Court has previously expressed substantial doubt that

it has the power to award attorney's fees under N.D.C.C. § 28-26-01(2) in a federal diversity action. See Tank v. Burlington Res. Oil & Gas Co. LP, No. 4:10-cv-088, 2013 WL 6150783, at 19 (D.N.D. Nov. 22, 2013). Under the circumstances of this case, the federal procedural rule must prevail. Woods, 480 U.S. at 8.

KRH's argument that Rule 11 and Section 28-26-01 are not coextensive and do not collide because one is mandatory and the other is discretionary is unpersuasive because that argument is the exact opposite of what the Supreme Court held in *Woods*. In Woods the provisions collided because the state provision was mandatory while federal provision was discretionary. See Woods, 480 U.S. at 6-7. (finding the state and federal provisions conflict where the Federal Rule affords the court discretion and the state statute is mandatory). The two provisions were found to be coextensive because they both address the issue of frivolous appeals. Id. (finding that if the state and federal provisions have the same purpose they are coextensive). In *Woods*, the Supreme Court found an Alabama statute which imposed mandatory penalties on unsuccessful appeals was supplanted by Fed. R. App. P. 38 which allowed costs and fees to be awarded if an appeal was found to be frivolous. Id. at 8. As in *Woods*, the Court concludes North Dakota's statute which mandates attorney's fees if claims are found to frivolous is supplanted by Rule 11 which address the same concern. As such, KRH's amended counterclaim fails to state a claim upon which relief can be granted.

Furthermore, this case is an ordinary FLSA case alleging employees were misclassified as independent contractors to avoid paying overtime. Having conditionally certified a class in the case, there could be no finding that Eastep's claim is frivolous or based upon a "complete absence of actual facts or law." N.D.C.C. § 28-26-01(2). Thus, KRH's counterclaim could not survive a motion for summary judgment were Eastep to make such a motion.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Plaintiff's motion to dismiss the amended counterclaim (Doc. No. 19) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2019.

               */s/ Daniel L. Hovland*
               Daniel L. Hovland, Chief Judge
               United States District Court