UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| JEREMY EASTEP, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO. 1:19-cv-00004 |
| V. | | |
| KRH, INC., | | |
| Defendant. | | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Jeremy Eastep, on behalf of himself and on behalf of all others similarly situated, and Defendant KRH, Inc. file this Joint Motion for Approval of Settlement and would respectfully show the Court the following:

**I.      Background and Procedural History**

Plaintiff Jeremy Eastep filed this lawsuit on January 2, 2019 ("Complaint") (ECF No. 1). In the Complaint, Plaintiff alleged violations of the Fair Labor Standards Act (the "FLSA") and North Dakota Law by Defendant. Specifically, Plaintiff alleged that Defendants should have classified Plaintiff and other workers as employees instead of independent contractors and paid overtime. Defendant answered the Complaint and denied any liability under the FLSA or North Dakota law. The Court granted Plaintiff's motion for conditional certification on July 22, 2019 (ECF. No. 42). As a result of conditional certification, nine additional workers joined this lawsuit.

During the last several months, the Parties have engaged in lengthy settlement discussions through counsel. The Parties have now reached an agreement to settle all claims in this lawsuit. *See* Settlement Agreement, to be attached hereto as Exhibit A.

**II.     Argument**

Court cases have established that an employee's rights under the FLSA are not waivable where the hours worked are undisputed.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  Although the Eighth Circuit has recognized there is a circuit split over what types of settlements require judicial approval, *see Barbee v. Big River Steel, LLC*, 927 F.3d 1024, this Court has previously held that such approval is required, *Elliott v. Schlumberger Tech. Corp.*, 2014 WL 12469957 at *6 (D.N.D. 2014) ("Case law clearly establishes that a plaintiff needs judicial or executive oversight to settle a claim for overtime wages under the FLSA.").  And, other courts in the Eighth Circuit have recognized that failing to seek court approval leaves the parties open to potential challenges to the enforceability of settlement agreements.  *See King v. Raineri Const., LLC*, 205 WL 631253, *2 (E.D. Mo. 2015).  In reviewing an FLSA settlement, the court must determine "that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Id*.  In considering the fairness of the settlement, courts consider "the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *Id.*

Here, there is a *bona fide* dispute, as Defendant maintain that the Plaintiffs are properly classified as independent contractors and thus not covered by the FLSA's overtime requirements.  Even if the Plaintiffs are not exempt, the parties also dispute whether any violation of the FLSA was willful such that the Plaintiffs are entitled to seek as damages overtime pay accrued during a three-year period, or only a two-year period.  The parties agree that there is conflicting evidence in this regard and that resolution of these issues would require significant litigation.

A review of the docket also demonstrates the degree to which liability and class treatment were disputed. The Parties litigated a motion to dismiss counterclaims, conditional certification, and the form of notice that would be appropriate in this case.

In addition, the proposed settlement is fair and reasonable. The parties were both represented by experienced counsel who negotiated the settlement at arms' length. There were questions of law and fact involving the status of the Plaintiffs. The parties have determined that the prospect of immediate recovery outweighs the mere possibility of future relief, particularly since the amounts at issue are relatively small. There is no fraud or collusion behind the settlement. Given the early stage of the litigation, this represents a fair and reasonable compromise of Plaintiffs' claims.

Due to economic uncertainties and Defendant's current cashflow, the Parties have agreed to handle the consideration for this settlement on a payment plan. Under the settlement, Defendant will pay the entirety of the amount allocated to the Plaintiffs within 30 days of approval. The remainder, which constitutes payment for attorneys' fees and costs, will not be due until next year. In order to have the Court retain jurisdiction over the enforcement of this settlement, the Parties request that the Court stay this case until such time as Defendant completes its payment obligations under the settlement.

WHEREFORE, the parties respectfully request that the Court approve the parties' settlement pursuant to 29 U.S.C. §216(b) and stay this case. Upon the Court's approval of the settlement and the completion of Defendant's settlement payment obligations, the parties will file a stipulation of dismissal.

Respectfully submitted,

By: */s/ John A. Neuman*
John A. Neuman
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813
jneuman@smnlawfirm.com
ATTORNEY FOR PLAINTIFF


By: */s/ Mark W. Buckwalter*

Mark W. Buckwalter
Buckwalter Law Firm, PLLC
mark@buckwalterlawfirm.com
Montana State Bar No. 11154
40 2nd St. E., Ste. 222
Kalispell, Montana 59901
Telephone: (406) 314-6444
Facsimile: (406) 890-6705

LEAD ATTORNEY IN CHARGE FOR DEFENDANT